THE MAYOR AND ALDERMEN OF JERSEY CITY

*v.*

ANEAS FITZPATRICK.

A city took land, by proceedings in condemnation, under its charter, for a street, and entered into possession and built a sewer therein, but did not pay the price awarded; the owner subsequently brought eject-ment and recovered judgment, and obtained a *hab. fac. poss.—Held,* that the city was entitled to equitable relief, and an injunction was awarded on terms of payment of the award and interest, and costs of the ejectment.

Bill for relief. On final hearing on bill and answer and two memorials of defendant, one to the board of aldermen of Jersey City, the other to the board of public works of that city.

*Mr. L. Abbett,* for complainant.

*Mr. J. Garrick,* for defendant.

THE CHANCELLOR.

The bill prays an injunction to restrain the defendant from closing up part of a street in Jersey City, known as Jackson avenue. The site of the part of the street which he threatened to close up is land owned by him, his right to possession whereof, as against the complainants, has been established at law. *Mayor &c. of Jersey City* v. *Fitzpatrick,* 7 *Vr.* 120. The corporate authorities of the city of Bergen, in 1867, took the necessary lawful measures to extend the then existing street called Jackson avenue, over the lands in question. The proceedings were regular. The defend-ant's damages were duly assessed, July 1st, 1868, at $900.92. On the 20th of the same month, the board of aldermen confirmed the assessment and award. On the 14th of September following, the board directed the treasurer of the

city to pay the owners of land taken for the extension the sums awarded to them.   On the 15th of March, 1869, the board passed a resolution directing that a warrant be drawn in favor of the city treasurer for the sum of $35,995.97, to pay, among others, those awards; but, on the 24th of May following, they directed that the warrant be returned and cancelled.   Soon after that action, the city of Bergen was consolidated with Jersey City.

The authorities of Bergen took possession of the land for the purposes of the extension, soon after the confirmation of the award, and it has been used as a public street ever since.   In 1868 they began the construction of a public sewer in it, which was not completed until 1870.   In January, 1871, the defendant presented to the board of aldermen of Jersey City a communication in writing, asking payment of the amount of the award to him, less the amount assessed to him for benefits.   They refused to pay the money, on the ground that proceedings in *certiorari* in respect to the improvement were pending in the supreme court.   In November, 1871, the defendant brought an action of ejectment, in the supreme court, against the complainants, to recover the land.   The suit resulted in a judgment in his favor, at February term, 1872. *Mayor &c.* v. *Fitzpatrick, ubi supra.*   On the 7th of August, 1877, he presented to the board of public works of Jersey City his memorial, in which he declared his intention to take possession of the land, and the sewer and improvements thereon, which he claimed to be his property, and to close the street, unless the board should, within a reasonable time, agree to purchase the lands and pay a reasonable compensation therefor. This demand was not complied with, and he then, with a view to obtaining possession of the property, caused to be issued and delivered to the sheriff a writ of *habere facias possessionem,* which was duly executed.   The treasurer of the city, after that writ was executed, tendered to the defendant a warrant for the amount of the award, and interest thereon from its date, which he refused to accept.

The defendant has, ever since the taking of his land for the street, been entitled to the compensation awarded to him therefor. He appears to have acquiesced in the use of the land by the city pursuant to the proceedings in condemnation, up to the time of bringing his action of ejectment, November 11th, 1871. In the meantime, the city authorities, dealing with the property according to the condemnation, had constructed a sewer there, the building of which was begun in 1868, and was not finished until the spring of 1870. After the sewer was completed, the property being in use as a street, the defendant claimed compensation under and by virtue of the proceedings in condemnation. Under the circumstances, he should, in equity, be restrained from closing up or obstructing the street on the premises in question, or interfering with the use of that property as a street; but, at the same time, he should receive just compensation, which will be the award and interest thereon. And he is entitled, also, to the costs of the ejectment suit, including the costs of the execution, and to his costs of this suit; for the complainants, under the circumstances, ought to have tendered him not only the award and interest, but the costs of the ejectment suit, which their refusal to pay for his property taken by them for public use, rendered necessary to his protection.